## THE REIDUN.
### Nos. C–3261, A–14922.

District Court, E. D. New York.
May 14, 1936.

See, also, (D.C.) 14 F.Supp. 771.

Leo J. Hickey, U. S. Atty., of Brooklyn, N. Y. (Vine H. Smith, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States and Harry M. Durning.

Bigham, Englar, Jones & Houston, of New York City (James W. Ryan, of New York City, of counsel), for owners of the Reidun.

GALSTON, District Judge.

The libels in both of these actions have been amended twice since the exceptions to the original libel were sustained. There is now presented a third cause of forfeiture based on U.S.Code, title 19, § 1703 (a) (c), 19 U.S.C.A. § 1703 (a, c). With the other amendments it is not necessary to deal, as they in fact allege nothing which leads to a different result. Accordingly, I shall deal in this opinion only with the third cause of action and the exceptions thereto.

U.S.Code, title 19, § 1703 (a) (c), 19 U.S.C.A. § 1703 (a, c) set forth:

"(a) Vessels Subject to Seizure and Forfeiture. Whenever any vessel which shall have been built, purchased, fitted out in whole or in part, or held, in the United States or elsewhere, for the purpose of being employed to defraud the revenue or to smuggle any merchandise into the United States, or to smuggle any merchandise into the territory of any foreign government in violation of the laws there in force, if under the laws of such foreign government any penalty or forfeiture is provided for violation of the laws of the United States respecting the customs revenue, or whenever any vessel which shall be found, or discovered to have been, employed, or attempted to be employed, within the United States for any such purpose, or in anywise in assistance thereof, or whenever any vessel of the United States which shall be found, or discovered to have been, employed, or attempted to be employed at any place, for any such purpose, or in anywise in assistance thereof, if not subsequently forfeited to the United States or to a foreign government, is found at any place at which any such vessel may be examined by an officer of the customs in the enforcement of any law respecting the revenue, the said vessel and its cargo shall be seized and forfeited. * * *

"(c) Acts Constituting Prima Facie Evidence Vessel Engaged in Smuggling. For the purposes of this section, the fact that a vessel has become subject to pursuit as provided in section 1581 of this title, or is a hovering vessel, or that a vessel fails, at any place within the customs waters of the United States or within a customs-enforcement area, to display lights as required by law, shall be prima facie evidence that such vessel is being, or has been, or is attempted to be employed to defraud the revenue of the United States. (Aug. 5, 1935, c. 438, Title I, § 3, 49 Stat. 518.)"

The government reads the foregoing statute, subdivision (a), as in effect holding that any vessel when found at any place where it may be examined by an officer of the customs shall be seized and forfeited if it has been "built, purchased, fitted out in whole or in part, or held, in the United States or elsewhere, for the purpose of being employed to defraud the

revenue or to smuggle any merchandise into the United States."

Such a construction would mean that no matter where a vessel was fitted out and no matter in what degree, if the purpose was to smuggle merchandise into the United States, then when found at any place at which such vessel could be examined by an officer of the customs, the vessel and its cargo shall be seized and forfeited.

The owners and claimants of the vessel, on the other hand, contend that the meaning of the section is that if a vessel is found on examination at any place where it may be examined by an officer of the customs in the enforcement of any law respecting the revenue, to be fitted out for present or future use in smuggling merchandise into the United States, then it may be seized and forfeited.

This section, consisting as it does of a single sentence, is not easy of interpretation; yet it may fairly be stated that subdivision (a) deals with four separate and distinct categories, and that for the purpose of the third cause of forfeiture it may be considered reduced to the following terms: "Whenever any vessel which shall have been built, purchased, fitted out in whole or in part, or held, in the United States or elsewhere, for the purpose of being employed to defraud the revenue or to smuggle any merchandise into the United States, * * * is found at any place at which any such vessel may be examined by an officer of the customs in the enforcement of any law respecting the revenue, the said vessel and its cargo shall be seized and forfeited."

No such sequence of language is found as will sustain the claimant's reading of the Statute.

For the purposes of the hearing on the exceptions, the facts are, of course, conceded. The libel recites that the steamship, while at Antwerp, "was fitted out in part for the purpose of being employed to defraud the revenue of the United States, by the unlading and transshipment of said Belgian alcohol on the high seas." Continuing, it is alleged that as a result of the "fitting" out, the Reidun was employed to defraud the revenue and to smuggle merchandise into the United States. Whether at the trial these allegations can be proved is quite another matter, but they do make out a cause under the allegations of the third cause of forfeiture.

There is no invasion here of treaty rights. There is no search and seizure on the high seas beyond customs enforcement areas nor beyond one hour's sailing distance from the coast. The terms "in the United States or elsewhere," as used in the subsection, are certainly without ambiguity. The absence of the phrase "or elsewhere," in the earlier so-called piracy statutes, is highly significant; and so far as foreign vessels are concerned there is no suggestion of the limitation of one hour's steaming distance, such as appears in other sections of the act. Congress may very well have intended to mete out punishment to those who conspire outside of the territorial jurisdiction to violate laws of the nation by subjecting them to apprehension or punishment when found within the jurisdiction. If the Reidun was fitted out as alleged and did cause merchandise to be smuggled into the United States in defiance of its revenue laws, it ran the hazard of punishment by coming within the customs enforcement areas.

The exceptions to the first and second causes of forfeiture will be sustained, but those to the third must be overruled. From what was stated at the hearing informally on the proof relating to "fitting" out the vessel, it would seem desirable that a speedy trial be had.

Settle order on notice.